## No. 13,428.

WEBSTER *v.* NELSON ET AL.
(38 P. [2d] 908)

Decided December 3, 1934.

Mr. EDGAR McCOMB, Mr. MILTON D. GREEN, for plaintiff in error.

Mr. J. E. LITTLE, Mr. GEORGE D. PATRICK, for defendants in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff, Mrs. Nelson, is a domestic servant of Mrs. Ware, the daughter of the defendant Mrs. Webster. Mrs. Webster, an elderly woman, in her own automobile, driven by a companion of Mrs. Webster, took the plaintiff Nelson from Mrs. Ware's home in the city of Colorado Springs to the plaintiff's home in Ivywild, bordering on the highway known as the Cheyenne Road. The

defendant Mrs. Webster lived at that time a few blocks further up, and west, on this Cheyenne Road. When defendant Webster's car reached the Nelson home the driver thereof pulled over to the left or southerly side of the oiled portion of the highway in front of the gate leading into plaintiff Nelson's home and brought the car to a complete stop. Plaintiff Nelson was riding in the rear seat of the automobile and she opened the right hand rear door of the same and backed out of the car, slammed the door shut and walked around to the rear of the car towards her own home. As she was moving from behind the car and was entirely off the paved roadway, she was struck by a traveling automobile which was then being driven by the defendant Childers towards the east, and which at the time of the accident was passing the Webster car on the right hand side.

This action was brought by the plaintiff Mrs. Nelson against the defendants Webster and Childers to recover damages for injuries which she claims she sustained as the result of the negligent driving of the Childers car, and she alleges that Webster and Childers each was guilty of negligence that caused or contributed to the injury. Defendant Childers and defendant Webster filed separate answers each denying the negligence charged, and affirmatively pleaded that the negligence of the plaintiff Nelson herself was the sole cause of the accident. Defendant Webster's answer further alleged that the plaintiff was estopped from recovery herein by reason of the Colorado Guest Statute of 1931, and also pleaded unavoidable accident. The plaintiff Nelson filed a replication admitting that immediately prior to the accident she was a gratuitous guest of the defendant Webster and later filed an amended replication denying that she was a gratuitous guest. Upon trial to a jury a verdict was returned in favor of the plaintiff Nelson against each of the defendants Webster and Childers in the sum of $3,000 on which the court entered separate judgments against them. Defendant Webster's motion for a new

trial was denied and she is prosecuting this writ of error to this adverse judgment against her.

Plaintiff in error relies for reversal upon alleged errors of the trial court in the admission and rejection of evidence prejudicial to her; upon the trial court's error in refusing to apply to the facts in evidence our so-called "Guest Statute"; contributory negligence of plaintiff and insufficiency of the evidence to sustain the plaintiff's case.

We are of the opinion, reached after diligent study of the record, that the plaintiff's own testimony conclusively establishes that she is not entitled to recovery against Mrs. Webster, and that the trial court upon request should have dismissed the action at the plaintiff's costs. Mrs. Webster lived on the Cheyenne Road only a short distance from the house of Mrs. Nelson. She had often, in driving from Colorado Springs to her own home, carried Mrs. Nelson to the latter's home and both of them were familiar with the locality. On the day when this plaintiff was injured Mrs. Webster, in her own automobile, had carried Mrs. Nelson to a point on the Cheyenne Road directly opposite the latter's home and drove her car to the south line of the paved highway as she had often done on previous occasions. Mrs. Nelson, as above stated, left the Webster car when it stopped in front of her house, walked to the rear of the car towards the east and started to walk south and had gone a number of feet past the rear of the Webster automobile and had got beyond the Webster car and was walking, not on the paved part of the highway, but several feet beyond the same on the dirt or gravel surface of the roadway, when she was struck by an automobile driven by the defendant Childers coming from the west along the roadway. In the light of the foregoing state of the facts we say that it was not the negligence of the defendant Mrs. Webster but clearly the negligence, if any, of the plaintiff herself, or that of Childers, that caused or contributed to her injury. The plaintiff was not in the Webster car at the time she was

struck by the Childers car. She had left the Webster car and was walking, not on the paved Cheyenne roadway, but to the south of the same, just as she had often done before when Mrs. Webster had carried her from Colorado Springs to her home. Defendant Childers is not before this court with his defense, if any he has. Certain it is that plaintiff's injuries, for which she claims damages in this action, were not inflicted by the defendant Webster. Mrs. Webster had nothing whatever to do in causing this injury. Childers may be liable. He was the one who ran his car against this plaintiff. Mrs. Webster certainly is in no way connected with the wrong of Childers. She gave no direction whatever to the plaintiff how to proceed from the Webster car to her own home. Her only connection with the accident is that the plaintiff Nelson was carried in the Webster car to a point on the Cheyenne roadway opposite to the Nelson home, and Mrs. Nelson left the car and walked behind the same directly towards her own home and had proceeded in her course for several feet when she was struck by the Childers car.

The trial court on request should have directed the jury to return a verdict in Mrs. Webster's favor. Upon the evidence produced and the testimony of the plaintiff herself, she was guilty of the negligent acts that were the cause of her own injuries. The judgment should be, and it is hereby, reversed and the cause is remanded to the district court with instructions to vacate its judgment against the defendant Webster and to enter an order dismissing the action as against her. Costs in the district court and here to be taxed to the plaintiff.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.